IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARY CLARK,

      Plaintiff,

vs.

JOHN YATES, in his Individual and Official Capacity as an Aurora Police Officer,

DANIEL J. OATES, in his Individual and Official Capacity as the Aurora Chief of Police,

      Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW, Plaintiff Mary Clark, by and through her attorney Cheryl Trine of Cheryl Trine Law Firm LLC, states:

## GENERAL ALLEGATIONS

### JURISDICTION

1. This is a civil action for damages and attorney's fees and costs, for the violation of Plaintiff's civil rights. Jurisdiction is invoked under Title 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the Constitution of the United States.

### VENUE

2. Venue properly lies in the District of Colorado pursuant to 28 U.S.C. §1391(b).

### PARTIES

3. The Plaintiff, Mary Clark, is a resident of Colorado and a citizen of the United States.

1

4. At all times material hereto, the Defendants were residents of Colorado and citizens of the United States.

5. At all times material hereto, Defendants were employees and/or agents of the Aurora Police Department, 1501 East Alameda Parkway, Aurora, Colorado, 80012, and the City of Aurora, acting within the course and scope of their employment and acting under color of state law.

## FACTUAL ALLEGATIONS

6. On June 8, 2010, Defendant Yates observed Plaintiff Mary Clark cutting down an American flag and carrying it to her car at a show home site owned and operated by Richmond American Homes, 6924 S. Buchanan Court, Aurora, CO.

7. Defendant Yates was off duty at the time. He was in his personal vehicle and was not in uniform.

8. As Ms. Clark was folding the flag up neatly on the trunk of her car, Defendant Yates came up behind her, screaming at her that he was a veteran and she could not do that. She felt afraid and intimidated by his demeanor. She apologized and she handed him the folded up flag, got into her car and started it.

9. Defendant Yates came to the car window, flashed his badge, and screamed, "I need ID." He was not in uniform, and she did not know if he really was an officer. She handed him her passport, and as he stepped back, she drove slowly away to go to a more public place. He followed her in his personal vehicle.

10. When she found a shoulder area, she pulled over in case he wanted to ticket her, and he pulled up behind her but did not approach the car. She waited for Defendant Yates to act, but she could see he was still upset. After waiting without him getting out of his car, she drove

away knowing that he had her passport and license plate, and if he really was a police officer, he would give her a ticket at her home.

11. On June 9, 2010, she was returning home and pulled into her garage. She turned off her car but remained inside her car because she was speaking on her cell phone. Her window on the driver's side was rolled halfway down.

12. Officer Yates, in uniform, entered her garage without seeking permission.

13. He approached her car on the driver's side.

14. Officer Yates had a summons for misdemeanor "Injury to Property" and Theft."

15. Defendant Yates told Ms. Clark to "Step out of the car." Ms. Clark was holding the cell phone to her right ear with her right hand, and she said, "I will be right with you. I am on the phone. Could you please step back out of the garage?"

16. Instead, Defendant Yates reached through the open window and grabbed Ms. Clark by the hair and dragged her out of the car.

17. Ms. Clark was obviously not trying to start the car because she was holding the cell phone in her right hand and motioning with her left hand to wait just a second.

18. There was only one officer at the scene, Officer Yates.

19. After pulling her out of the car by her hair, Officer Yates then forcefully grabbed her by the arms and twisted them aggressively in an upward motion behind her back, purposefully hurting her. He shoved her arms up so high her shoulders were injured and sore for weeks.

20. Ms. Clark said, "Please slow down. I am going. Please, you are hurting me." Officer Yates just kept up the physical force.

21. Officer Yates then put handcuffs on Ms. Clark.

22. After he had Ms. Clark handcuffed behind her back, Officer Yates purposefully threw her across her garage.

23. Ms. Clark had no way to catch herself with her hands cuffed behind her back. She landed on the cement on her hip and heard a "crack" sound, and then she hit her head.

24. Officer Yates then grabbed her up off the floor and put her in his patrol car.

25. His patrol car was parked between two of the townhouses near Ms. Clark's townhouse.

26. Officer Yates then went back to Ms. Clark's car and took her keys out of the ignition, and closed the garage door before taking her to the Aurora Police Department.

27. At the Aurora Police Department, Ms. Clark requested medical care, but it was not provided to her. Officer Yates had injured her back and head, and broke one of her molars when he threw her to the ground while handcuffed, and her shoulders were injured when he pulled her arms up too high behind her back.

28. When she was being released from jail, the staff tried to get her to sign a medical rights sheet, but she refused because they had denied her medical care for her injuries.

29. Because he physically assaulted and injured Ms. Clark, Officer Yates charged Ms. Clark with resisting arrest.

30. He and another officer, Chris C. Stubbings filed false police reports.

31. The charges of "resisting arrest" and "theft" against Ms. Clark were later dismissed.

32. Police Chief Daniel Oates had a duty at all times material to adequately train, supervise and oversee the officers under his command, including Defendant Yates.

33. Police Chief Daniel Oates knew of Officer Yates propensity to use excessive force when serving misdemeanor summons, and he knew of the practice to then charge those

served with resisting arrest to cover up the violation. He is aware that his officers customarily and routinely violate police standards and policies, and that they file false police reports to cover for each other.

34. Prior to her arrest, Ms. Clark was a software engineer. Due to her injuries, she is now unable to work.

35. As a result of her injuries, Ms. Clark was damaged in the following particulars:

(a) Past and future non-economic damages consisting of physical and mental pain and suffering, anxiety, fear, stress and distress, humiliation and embarrassment.

(b) Physical impairment which is permanent.

(c) Loss of life enjoyment and impairment of quality of life, past and future.

(d) Future medical, rehabilitation and other health care expenses in an undetermined amount.

(e) Home care assistance in an undetermined amount.

(e) Partial or complete loss of past and future earning capacity.

(f) Permanent injuries and disability.

### FIRST CLAIM FOR RELIEF

**(Section 1983 Violation of Plaintiff's Civil Rights
Under the Fourth Amendment to the U.S. Constitution)**

36. The allegations and statements in Paragraphs 1 through 35 are hereby incorporated herein by reference.

37. Defendant Yates' conduct constitutes a violation of Plaintiff's Fourth Amendment right to be free from the use of excessive force during an arrest.

38. Defendant Yates' use of force was not objectively reasonable in light of the facts and circumstances confronting him.

39. At all times relevant to this action, Plaintiff never posed an immediate threat to the safety of Defendant Yates or to others, and Plaintiff never actively resisted arrest or attempted to evade arrest.

40. Defendant Yates' conduct was unreasonable in light of clearly established law.

41. Defendant Yates' unconstitutional conduct caused Plaintiff's injuries and damages as set forth in Paragraph 35.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983 claim against Police Chief Daniel Oates In His Supervisory Capacity)

42. Plaintiff incorporates herein all previous allegations and statements.

43. Police Chief Daniel Oates had a duty at all times material to formulate and/or implement Aurora Police Department policies and procedures, and to adequately train, supervise and oversee the officers under his command, including Defendant Yates.

44. Police Chief Daniel Oates knew of Officer Yates propensity to use excessive force when serving misdemeanor summons, and Defendant Oates knew of the practice to then charge those served with resisting arrest to cover up the violation. He is aware that his officers, including Officer Yates customarily and routinely violate police standards and policies, and that they file false police reports to cover for each other.

45. Defendant Oates knew of the risk of injury to the public from his officers' use of excessive force, and yet he failed to adequately train, supervise, and discipline his subordinate police officers with respect to the use of excessive force in making an arrest.

46. Defendant Oates acquiesced in or directed an unconstitutional policy or custom of allowing his subordinate officers to use excessive force during an arrest and then cover it up by claiming the person resisted arrest, and/or he failed to implement policies, adequately investigate incidents, adequately train officers, and/or adequately discipline officers to prevent incidents of excessive force during an arrest, including the excessive force used by Defendant Yates in arresting Plaintiff Mary Clark on June 9, 2010.

47. The deliberate indifference of Police Chief Oates caused or substantially contributed to the violation of Plaintiff's damages as set forth in Paragraph 35.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

### (Exemplary damages pursuant to 42 U.S.C. § 1983)

48. Plaintiff incorporates herein all previous allegations.

49. The actions or omissions of Defendants, as aforesaid, were committed with reckless or callous disregard for Plaintiff's federally protected rights.

50. Plaintiff is entitled to exemplary damages pursuant to 42 U.S.C. § 1983 in an amount to be proved at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment be entered against Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for her injuries, damages, and losses as determined at time of trial, for attorney's fees and interest as provided by law, for punitive damages pursuant to Title 42 U.S.C. § 1988, and for her costs, expert witness fees, and such further relief as the Court deems just and appropriate.

Dated this 6th day of June, 2012.

Respectfully submitted,

By: /s/ Cheryl Trine
Cheryl Trine
Cheryl Trine Law Firm LLC
2919 Valmont Rd., Suite 204
Boulder, CO 80301
Phone: (303) 442-0173
Fax: (303) 443-7677
ctrine@trinelaw.net

**PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX PERSONS.**

Plaintiff's Address:

Mary Clark
22087 Jamison Pl.
Aurora, CO 80016

8